The plaintiff in error, hereinafter referred to as the defendant, was charged by information with having in his possession a compound mixture of mash, wort, and wash known as whisky beer, fit for distillation and for the manufacture of whisky, and was convicted of the crime of violating the prohibitory liquor laws as charged in the information filed herein, and his punishment fixed at confinement in the county jail for a term of 30 days and to pay a fine of $50 and all costs. From the judgment, the defendant has appealed.
The testimony in this case tends to show the officers went to the home of the defendant, and, out in a pasture about two or three hundred yards from his house, found a barrel, the contents of which the officers testify was whisky beer, capable of distillation and for the manufacture of whisky. The testimony tends to show that there were two houses as near where the officers found the beer as defendant's home. The defendant denies any knowledge of the beer, claims he had nothing to do with it, and that it did not belong to him; that he did not know it was in his pasture where the officers claim to have found it.
The testimony of the officers as to the barrel of beer being found in the defendant's pasture, and the defendant's denial that it was his, was submitted to the jury under proper instructions of the court, and the jury returned a verdict of guilty. *Page 353 
The only error urged by the defendant is that the evidence is insufficient to sustain the judgment. The record discloses a conflict in the evidence, but, from a careful examination of the whole record, it appears that the defendant had the advantage of a fair and orderly trial. The testimony introduced was admissible, and the instructions of the court fairly covered the law of the case. The jury is the sole judge of the weight of the testimony and the credibility of the witnesses, and had the advantage of observing the witnesses and their demeanor.
There is sufficient substantial evidence, if believed by the jury, to sustain the verdict rendered, and, where no prejudice or other irregularities appear of record, this court would not be justified in disturbing such verdict because of a conflict in the evidence.
The judgment of the trial court is affirmed.
EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.